# MOSES NAOPALA AND MANUEL FRANK *v.* JOHN P. HINA.

## No. 1092.

SUBMISSION UPON AGREED STATEMENT OF FACTS.

ARGUED MAY 13, 1918.                    DECIDED MAY 15, 1918.

COKE, C. J., QUARLES AND KEMP, JJ.

DEEDS—*naming grantee.*

> Where the granting clause of a deed fails to name the grantee or it is doubtful therefrom in whom the estate is intended to vest the omission may be cured or the uncertainty cleared away by the habendum wherein the grantee is named.

JOINT TENANCY—*tenancy in common—statutes.*

> If there is a doubt as to whether the grantor intended by his deed to vest an estate in joint tenancy or in tenancy in common the deed must, under the provisions of section 3132 R. L., be construed to create an estate in common and not one in joint tenancy or by entirety. If, however, it manifestly appears from the tenor of the deed that it was intended to create an estate in joint tenancy the deed must be given that effect.

OPINION OF THE JUSTICES BY QUARLES, J.

November 23, 1905, Kamaki Hina executed in the Hawaiian language a deed the translation into English of which is as follows:

"Know all men by these presents, I, Kamaki Hina, of Niolopa, Honolulu, Island and County of Oahu, Territory of Hawaii, for Fifty good Dollars ($50.00) duly received in my hand from John P. Hina, Mrs. Kealoha Ka-ne, and Mrs. Kaulualii Manuel, my own children, and this instrument is the proof for the due receipt of said money, and also for their duly consenting to carry out this idea of mine as follows:

"The lot of land conveyed by this instrument to descend to them and the last survivor of them living, this lot of land to belong to him and his heirs, representatives and assigns forever, no claims to be made by the heirs of those who may die first, but they may sell, mortgage or lease, if they unanimously agree for such purpose.

"Therefore, I do make, grant, sell and convey that piece of land situated at Maunakea Street, Honolulu aforesaid, being the land described in Royal Patent 4396, Land Commission Award No. 187, awarded to Kalama, and being the same land conveyed to me (Kamaki Hina) by a certain deed recorded in Book 254, Page 372 of the Registry Office of the Government.

"To have and to hold the land designated above and all things thereon, the rights and benefits of every nature unto John P. Hina, Mrs. Kealoha Ka-ne and Mrs. Kaulualii Manuel aforesaid, and their heirs, representatives and assigns as designated above forever."

During the lifetime of the grantor his daughters Kealoha Ka-ne and Kaulualii Manuel died leaving no children surviving them but both leaving husbands, each of whom appears here as a plaintiff. Later the grantor died leaving surviving him his only son and heir, the defendant John P. Hina, the remaining grantee in said deed. Each of the plaintiffs claims to have inherited one-half of his wife's interest in the land conveyed by said deed and that

the other one-half thereof was inherited by the grantor, and both plaintiffs contending that at the death of the grantor the interests which he inherited from his two daughters descended to his son, the defendant. It is thus seen that each of the plaintiffs claims an undivided one-sixth interest in the land conveyed by said deed and each admits that the defendant owns an undivided two-thirds interest therein. On the other hand the defendant claims that the said deed created an estate in entirety in the grantees and made them joint tenants, with right of survivorship in the sole surviving grantee, and consequently that as surviving grantee under said deed he owns the whole of the lands conveyed by the deed. To settle these contentions the parties have submitted the controversy without action to this court upon an agreed statement of facts in which the above facts are shown.

The only question before us for determination is as to the estate conveyed by the said deed, whether it is an estate in entirety or an estate in common; whether it made the grantees joint tenants or tenants in common. If it created a joint tenancy the defendant has succeeded to the entire estate in the lands conveyed; if, on the other hand, it created a tenancy in common the contentions of the plaintiffs must be sustained. The deed was evidently drawn by a layman and is unique in phraseology. The granting clause does not specifically name a grantee or grantees. There is no repugnancy between the premises and the habendum and we find in the habendum the names of the grantees, namely, the defendant and the deceased wives of the plaintiffs. Expressions in the premises of the deed show clearly that the grantor intended that the grantees therein named should take in entirety—as joint tenants—and the language found therein "The lot of land conveyed by this instrument to descend to them and the last survivor of them living, this lot of land to belong to

him and his heirs, representatives and assigns forever, no claims to be made by the heirs of those who may die first" is susceptible of no other meaning. The language found in the habendum "To have and to hold the land designated above and all things thereon, the rights and benefits of every nature unto John P. Hina, Mrs. Kealoha Ka-ne and Mrs. Kaulualii Manuel aforesaid, and their heirs, representatives and assigns as designated above forever" shows that the grantees are the same parties, his said three children, who by the premises are to take as joint tenants and who are to take "as designated above." Where the premises fail to name the grantee or grantees or it is doutbful therefrom in whom the estate is to vest the omission or uncertainty may be cleared away by the habendum (Devlin on Deeds, 2 ed., Sec. 219) wherein the grantee or grantees are specified, and in such event there is no repugnancy between the premises and the habendum. The phrase "as designated above," used in the habendum, signifies: "As pointed out above; as made known above; as in the manner shown above; as described above." The granting clause and the habendum harmonize, and read together signify the clear intent of the grantor that the grantees, his three children therein named, should take under the deed an estate in entirety which should go to the survivor and his heirs, and clinched this intention by expressly declaring that no claims should be made by the heirs of those who should die first. Section 3132 R. L., adopted prior to the deed in question, provides: "All grants, conveyances and devises of land, or of any interest therein, hereafter made to two or more persons, shall be construed to create estates in common and not in joint-tenancy or by entirety, unless it shall manifestly appear from the tenor of the instrument that it was intended to create an estate in joint-tenancy or by entirety." Under this statute, in case of a doubt as to the intention of the grantor as to

whether the estate granted should be in entirety or in common, the doubt should be resolved in favor of an estate in common and the grantees would take as tenants in common. The statute does not prohibit joint tenancies but simply requires that the intent must manifestly appear to create a joint tenancy, otherwise it must be held to be a tenancy in common. We think it manifestly appears from the tenor of the deed in question that it was intended to create an estate in joint tenancy, and we so hold.

A judgment may be prepared adjudging that the defendant owns the land described in the deed and in the statement of facts and that the plaintiffs own no interest therein, and it is so ordered.

*W. C. Achi* (*W. C. Achi, Jr.,* with him on the brief) for plaintiffs.

*P. L. Weaver* for defendant.